**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW B. MAXWELL, | ) | CASE NO.  1:07CV0043 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| PHIL R. STAMMITTI, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Matthew B. Maxwell, Administrator for the Estate of David T. Gerbick, Jr., filed a complaint in the Court of Common Pleas for Lorain County, Ohio, alleging claims against Lorain County Sheriff Phil R. Stammitti,[1] Deputy Sheriff John Steenstra, Deputy Sheriff Charles Motylewski and Amherst Police Department Officer Devin Small, arising out of the death of Maxwell's decedent, David T. Gerbick, Jr. (Doc. 1-2).  Noting that civil rights and federal constitutional claims were raised, defendants removed the complaint to this Court (Doc. 1).

Defendants have moved this Court for summary judgment (*see* Doc. 21 and Doc. 22); Maxwell has not opposed those motions.  Instead, Maxwell filed a purported notice of dismissal, seeking to dismiss without prejudice his claims against these defendants, pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, despite the fact that Defendants have both answered and filed motions for summary judgment.  Finding Defendants' unopposed motions for summary judgment well-taken,

---

[1] Defendant Stammitti is named only in his official capacity and is not named as engaging in any of the

and further finding no basis on which to permit Maxwell to dismiss his claims without prejudice, this Court hereby **GRANTS** the Lorain County Defendants' and Patrolman Small's motions for summary judgment, thereby terminating this case.

### Background Facts

Maxwell's decedent, David Gerbick, died of self-inflicted injuries on November 21, 2004.  Complaint ¶¶ 1, 5.  Defendants Steenstra, Motylewski and Small ("Defendant Officers") were dispatched to Gerbick's home pursuant to a suicide call, and had been made aware that Gerbick had stabbed himself and still had a knife in his chest. *Id.* ¶ 6.  After entering the home, Officer Small provided his taser to Deputy Steenstra. *Id.* ¶ 7.  Following an altercation, during which the officers were unable to get Gerbick to show his hidden left hand or to release his grip on the knife with his right, Deputy Steenstra tased Gerbick, who fell to his left side and then rolled onto his chest.  *Id.* ¶¶ 7, 11; November 21, 2004 Incident Report, attached as Exhibit A to Steenstra Declaration, Exhibit to Lorain County Defendants' Motion for Summary Judgment (Doc. 22). Gerbick died of his knife wounds.  Complaint ¶ 11.

### Legal Claims and Analysis

In his complaint, Maxwell raises three claims.  In Count One, Maxwell alleges that Defendants violated Gerbick's constitutional rights, in violation of 42 U.S.C. § 1983.   In Count Two, Maxwell alleges that Defendant Steenstra acted wantonly, recklessly and willfully, in violation of Ohio Rev. Code § 2744.03(A)(6)(b).  In Count Three, Maxwell alleges that "Defendant Lorain County Sheriff's Office" failed to "properly supervise, instruct, manage, and oversee the work performance of Defendant

conduct listed in Maxwell's complaint.

Deputy John Steenstra."  *See id.* ¶ 27.

        All Defendants have moved this Court for summary judgment on Maxwell's claims.  They contend they are entitled to qualified immunity on Maxwell's federal claims and further contend that Maxwell's claims against them are meritless. Maxwell has not disagreed.  This Court finds Defendants' motions well-taken.

<u>Summary Judgment Standard</u>

        This Court's consideration of Defendants' motions for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.*  The party opposing a motion for summary judgment made according to rule "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The consequences for failing to set forth such specific facts can be severe.  "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  *Id.*

        The Supreme Court clarified that the entry of summary judgment is not a disfavored procedural shortcut, but instead is mandated by "the plain language of Rule 56(c) . . . after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). The moving party's burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The party opposing a motion for summary judgment may do so with "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.* at 324. The nonmoving party's showing must be of more than a "metaphysical doubt as to the material facts," *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, the nonmoving party "must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

Where, as here, the motion for summary judgment is unopposed, the movant's burden and the trial court's responsibility do not change.

> In the absence of a response, the court must review carefully those portions of the submitted evidence designated by the moving party. . . . [I]n the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are "uncontroverted."
>
> If such evidence supports a conclusion that there is no genuine issue of material fact, the trial court should determine that the moving party has carried its burden, and "judgment [] shall be rendered forthwith."

*Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1992), quoting Fed. R. Civ. P. 56(c).

<u>Maxwell's 42 U.S.C. § 1983 Claims</u>

All Defendants contend they are entitled to qualified immunity on

Maxwell's federal claims under 42 U.S.C. § 1983.  Defendants are correct.

"[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Once the government official defendant raises qualified immunity, the plaintiff "must plead the violation of a clearly established constitutional right." *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (citation omitted).

In failing to make any response to Defendants' motions for summary judgment, Maxwell has failed to carry his burden.  Maxwell's complaint contains bare allegations that the conduct he complains of – framed in conclusory boilerplate language – violated Gerbick's Fifth, Eighth and Fourteenth Amendment rights.  He never bothers to reduce his allegations to a pleading that identifies and claims the violation of a clearly established constitutional right.  Under these circumstances, Defendants are entitled by virtue of their qualified immunity to judgment on Maxwell's § 1983 claims against them.

Even if Defendants were not entitled to qualified immunity, they would prevail on their dispositive motions, because the injury of which Maxwell complains – Gerbick's death from a self-inflicted knife wound – is not the sort of injury § 1983 was intended to protect against.

"Section 1983 provides a cause of action against any person, who, under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution and federal law." *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996); 42 U.S.C. § 1983.  "But nothing in the language of the Due Process Clause itself requires the

State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dept. of Social Svcs.*, 489 U.S. 189, 195 (1989); s*ee also, e.g., Weeks v. Portage Cty. Exec. Offices*, 235 F.3d 275, 278 (6th Cir. 2000) (there is no constitutional right to have the police intervene to protect a person from the actions of private actors).  Where the injury complained of was inflicted by a private rather than a state actor – and in fact was self-inflicted – § 1983 does not impose liability on the state or its officers.  *See, e.g., Schoenfield v. Toledo*, 223 F. Supp. 2d 925, 930 (N.D. Ohio 2002) (where plaintiff's decedent was briefly detained by police, was released and then purchased a gun and committed suicide, there was no § 1983 liability to police officers because "[t]he harm to decedent, while perhaps identifiable by Defendants, was not created by Defendants").

Here, Defendant Officers were called to Gerbick's home specifically because he had threatened to kill himself and in fact had taken substantial steps to do so, having stabbed himself in the chest.  Defendant Officers certainly could identify the potential harm to Gerbick from the situation; they equally certainly did not cause it or create it.

Under the "state-created danger" theory, liability to the state "is predicated upon affirmative acts by the state which either create or increase the risk that an individual will be exposed to private acts of violence." *Kallstrom v. Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998).  "[I]t is not enough to show a causal connection between state action and an act of private violence. . . . The Appellant must demonstrate that the state acted with the requisite culpability to establish a substantive due process violation under the Fourteenth Amendment." *Ewolski v. Brunswick*, 287 F.3d 492, 510 (6th Cir. 2002.

- 6 -

Liability to Defendants here, then, would require a showing that Defendants culpably acted to create or increase the risk that Gerbick would be exposed to danger from a private source – *i.e.*, his own efforts to kill himself.

Maxwell has made no such showing. Defendant Officers were called to Gerbick's residence *because* of his announced intention to commit suicide; he already had stabbed himself in the chest when they arrived. The measured response of Defendant Officers to Gerbick's threatening behavior following the officers' arrival and their directives to him did not create a situation in which Gerbick's success in achieving his stated intention should be laid at the officers' door. Defendants did not increase Gerbick's risk of personal harm; Gerbick did.

Maxwell's further contention that Defendant Officers failed to provide him with needed medical care likewise must fail. Defendants have asserted in their summary judgment briefing that emergency medical personnel were on the scene as Defendant Officers arrived; as soon as the defendant officers had secured the house so that it could be safe for emergency medical personnel to enter, they did so. Maxwell has offered no contention in opposition to this assertion and this Court has no reasoned basis to doubt it.

State Law Claims

In Count Two, Maxwell contends that Defendant Steenstra alone acted in violation of Ohio Rev. Code § 2744.03(A)(6)(b), "committ[ing] such wanton and reckless conduct with malicious purpose and [] conduct[ing] his law enforcement duties in bad faith and in complete dereliction of duty." Complaint ¶ 24. Maxwell's allegations in this Count are vague in the extreme and are not more fully supported by any additional filing

in this Court.  This Court cannot identify within the Complaint specific facts showing that there is a genuine issue for trial on this point, and Maxwell has offered this Court no assistance in this regard.  Judgment for Defendant Steenstra on this claim therefore is appropriate.

In Count Three, Maxwell contends that "Defendant Lorain County Sheriff's Office, in their official capacity, did fail to properly supervise, instruct, manage, and oversee the work performance of Defendant Deputy John Steenstra."  Complaint ¶ 27.  Maxwell's complaint is not directed against any such defendant as "Lorain County Sheriff's Office."  Further, the sheriff's department could not be a proper party defendant to such a claim, so Maxwell's complaint against this entity would fail, in any event.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that police department was not an entity which may be sued).  This Count, addressed as it is against a defendant not named and not capable of being named in the complaint, therefore must fail.

*Conclusion*

For the foregoing reasons, this Court hereby **GRANTS** the Lorain County Defendants' and Patrolman Small's motions for summary judgment, thereby terminating this case.

**IT IS SO ORDERED**.

Dated:  July 24, 2007                              *s/  Sara Lioi*
                                                              **HONORABLE SARA LIOI**
                                                              **UNITED STATES DISTRICT JUDGE**